IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

EUGENE K. MCCRARY,

      Petitioner,

    v.

STEVEN TURLEY et al.,

      Respondents.

**MEMORANDUM DECISION**

Case No. 2:08-CV-600 TS

District Judge Ted Stewart

---

Petitioner, Eugene K. McCrary, an inmate at Utah State Prison, requests habeas corpus relief as to his underlying conviction and sentencing in two different cases and as to the execution of his sentence(s).[1]

As a preliminary matter, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." R.2(e), Rs. Governing § 2254 Cases in the U.S. Dist. Cts.  The Court thus denies relief as to Petitioner's conviction in a Salt Lake County case, No. 051400928 (which he attacked in a supplemental pleading), a challenge to which should be brought in a separate petition, if desired.  The Court addresses only Petitioner's conviction in Weber County, case number 051904667.

## A. § 2254

The Court first considers Petitioner's arguments under § 2254:  (1) The state court, prosecutor and defense attorney committed fraud and concealed material facts (particularly about

---

[1] 28 U.S.C.S. § 2254 (2009) (challenging underlying conviction and/or sentencing); *id.* § 2241 (challenging execution of sentence).

how Utah's indeterminate sentencing scheme works and that three-to-life can really mean life) from Petitioner that would have persuaded him to go to trial instead of plead guilty; this resulted in an involuntary, unintelligent guilty plea.  (2) The state judge refused to recuse even though he had been Petitioner's church leader.  And, (3) Petitioner's counsel was ineffective because these issues were not brought to Petitioner's attention nor was he protected from them.  Because, as the State asserts in its response, Petitioner has filed these claims past the applicable period of limitation, the Court denies them.

Petitioner was convicted of one count of attempted aggravated sex abuse of a child, a first-degree felony, for which he is currently imprisoned on a three-years-to-life sentence. The sentence was imposed on April 27, 2006.  Plaintiff appealed, but then voluntarily dismissed his appeal on August 31, 2006.  On that date, the one-year period of limitation began running on Petitioner's right to bring a federal habeas petition.[2]  Because Petitioner did not file a state petition for post-conviction relief during that year, the period of limitation ran out on September 4, 2007.  Even so, Petitioner waited until August 12, 2008, about eleven months later, to file his current petition.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[2] *See id.* § 2244(d).

pertinent judgment or claim is pending."[3]  Meanwhile, equitable
tolling is also available but "'only in rare and exceptional
circumstances.'"[4]

Because of Petitioner's failure to file a state post-
conviction petition, statutory tolling does not apply.

Regarding equitable tolling, Petitioner possibly excuses his
failure to timely file his petition by asserting that the
"continuous wrong" doctrine applies and that his petition
functions as a Rule 60 motion.  Based on these circumstances,
liberally construed, he perhaps argues that the Court should
apply equitable tolling to rescue him from the period of
limitation's operation.

"Equitable tolling will not be available in most cases, as
extensions of time will only be granted if 'extraordinary
circumstances' beyond a prisoner's control make it impossible to
file a petition on time."[5]  Those situations include times "'when
a prisoner is actually innocent'" or "'when an adversary's
conduct--or other uncontrollable circumstances--prevents a
prisoner from timely filing, or when a prisoner actively pursues
judicial remedies but files a defective pleading during the

---

[3]*Id.* § 2244(d)(2).

[4]*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted in original)).

[5]*Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

statutory period.'"[6]   And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[7]   Petitioner does not raise actual innocence; the Court thus focuses on "uncontrollable circumstances."

With these general principles in mind, the Court considers Petitioner's specific arguments.   The continuous-wrong doctrine does not apply to the claims brought under § 2254 here.   The "wrongs" took place and ended when Petitioner pleaded guilty and/or was sentenced.   And, a Rule 60(b) motion may be brought only in the court in which the judgment was entered--in this case, the state court.   Petitioner may not bring a Rule 60(b) motion in federal court to challenge a state-court judgment.

During the running of the federal period of limitation and beyond, Petitioner apparently took no steps himself to "diligently pursue his federal claims."   His response shows no signs of this kind of self-directed tenacity.   In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

Accordingly, the above claims before the Court were filed past the one-year period of limitation.   And, neither statutory exceptions nor equitable tolling apply to save Petitioner from

---

[6] *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)).

[7] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

the period of limitation's operation.  These claims under § 2254 are thus denied.

### B. § 2241

The Court next considers Petitioner's § 2241 claims:  (1) Without authority, Utah Board of Pardons and Parole (BOP), changed a three-years-to-life sentence to five-years-to-life. (2) Utah's indeterminate sentencing scheme is unconstitutional. (3) *Labrum*,[8] a Utah case about the state's constitution, has been violated.  (4) *Apprendi*,[9] *Booker*,[10] and *Blakely*[11] have all been violated.  And, (5) BOP forces prisoners to choose between sex-offender-treatment programs and parole.  The latter is a vague, general challenge that the Court will not treat further.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."[12]

First, Petitioner never states how the BOP's decision to keep him in prison past three years, until the end of the maximum sentence--life--violates any federal right.  Nor can he do so effectively.  After all, there is no federal constitutional or inherent right of a convicted person to be released before the

---

[8] *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993).

[9] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[10] *United States v. Booker*, 543 U.S. 220 (2005).

[11] *Blakely v. Washington*, 542 U.S. 296 (2004).

[12] 29 U.S.C.S. § 2241 (2009).

expiration of a valid sentence.[13]  Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection.  Therefore, BOP's decision to keep Petitioner imprisoned beyond three years, whether it is for five years or more, does not violate the Constitution.

Second, regarding Petitioner's attack on Utah's indeterminate sentencing scheme, very recently, the same challenges were soundly rejected by the Tenth Circuit.[14]  The Court thus denies any relief on this basis.

Third, the Court addresses Petitioner's arguments based on *Labrum*.[15]  *Labrum* is Utah law and is neither controlling nor persuasive in this federal case.  It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States.[16]  Errors of state law do not constitute a basis for relief.[17]  Petitioner thus has no valid argument here based on state law.

Fourth, the Court concludes *Apprendi*, *Booker*, and *Blakely* are all inapplicable here.  *Apprendi* holds that, generally, "any fact that increases the penalty for a crime beyond the prescribed

---

[13]*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

[14]*See Straley v. Utah Bd. of Pardons*, No. 08-4170 (10th Cir. Sept. 28, 2009).

[15]*Labrum*, 870 P.2d 902.

[16]*Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[17]*Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[18]  This case involves a plea agreement.  So, Petitioner, choosing not to involve a jury, admitted the facts underlying his conviction and sentence, knowing what the sentence would be (even if he believed he would actually serve less than the maximum).  Petitioner got exactly what he bargained for:  a span of years, with an outside maximum, and the possibility of parole after review by the BOP.

*Booker* and *Blakely* do not help Petitioner either.  *Booker* (in which the Supreme Court explained that the federal sentencing guidelines are advisory[19]) and *Blakely* (in which the Supreme Court held, in the context of Washington's *determinate* sentencing scheme, that a judge could not, based on a fact found by himself and not the jury, increase a defendant's sentence beyond the statutory maximum[20]) are both inapposite to this case, involving a *state indeterminate* sentencing scheme and the determination of length of imprisonment *within a valid sentencing range.*  Further, the Court has already cited *Straley* as authority for the constitutionality of Utah's indeterminate sentencing scheme.[21]

None of Petitioner's § 2241 claims pass muster and are all denied.

---

[18]*Apprendi*, 530 U.S. at 490.

[19]*Booker*, 543 U.S. at 245-46.

[20]*Blakely*, 542 U.S. at 308-14.

[21]*Straley*, No. 08-4170.

**ORDER**

IT IS ORDERED that the claims related to Petitioner's Salt Lake County conviction are DENIED.

IT IS ALSO ORDERED that claims under § 2254 related to Petitioner's Weber County conviction are DENIED because they are barred by the applicable period of limitation.

IT IS ALSO ORDERED that claims under § 2241 are DENIED because Petitioner has not shown that "[h]e is in custody in violation of the Constitution or laws . . . of the United States."[22]

IT IS FURTHER ORDERED that any possible civil rights claims--e.g., that three-to-life sentences unfairly distinguish sex offenders, leaving them open to persecution in prison--are inappropriately brought in this habeas petition and are therefore DISMISSED.

IT IS FINALLY ORDERED that this case is CLOSED.

DATED this 5th day of February, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[22]28 U.S.C.S. § 2241 (2009).